# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: J.H. and R.D.**

**No. 13-0523** (Kanawha County 12-JA-263 and 12-JA-264)

**FILED**

**November 26, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

### MEMORANDUM DECISION

Petitioner Mother filed this appeal, by counsel Edward L. Bullman, from the Circuit Court of Kanawha County, which terminated her parental rights to the subject children by order entered on April 26, 2013. The guardian ad litem for the children, W. Jesse Forbes, filed a response supporting the circuit court's order. The Department of Health and Human Resources ("DHHR"), by its attorney Michael L. Jackson, has also filed a response in support of the circuit court's order. Petitioner argues that the circuit court erred by not granting her an improvement period and by not dismissing the case to allow her to petition for further parenting time in family court.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In November of 2012, the DHHR filed the abuse and neglect petition that initiated the instant case. The petition recounted the DHHR's prior efforts to institute in-home services with petitioner in February of 2012, which were without success because petitioner failed to comply with services for drug treatment, parenting skills, and anger management. The petition further alleged that one of petitioner's children tested positive for cocaine at birth and that petitioner continues to abuse narcotics. Petitioner waived her rights to a preliminary hearing. The circuit court adjudicated petitioner as abusive and neglectful to her children due to her drug use and granted both of the children's respective fathers care and custody of them. At both the adjudicatory hearing and the dispositional hearing, the circuit court heard testimony that petitioner failed to comply with the services the DHHR offered to her. By order entered on April 26, 2013, the circuit court denied petitioner's motion for an improvement period and terminated her parental rights, but granted visitation at the discretion of the children's fathers. Petitioner now appeals this order.

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the

1

evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner raises two assignments of error. First, petitioner argues that the circuit court erred by denying her an opportunity to participate in an improvement period. She asserts that the three-month duration of the case was too short a time to control her drug addiction. Upon our review of the record, we find no error or abuse of discretion by the circuit court. Pursuant to West Virginia Code § 49-6-12, a parent who moves to participate in an improvement period bears the burden of proving to the circuit court, by clear and convincing evidence, that he or she will substantially comply with the terms of an improvement period. The circuit court has the discretion to grant or deny a motion for an improvement period. The record reflects that petitioner failed to take full advantage of the services offered to her, not only after the November of 2012 petition was filed, but as the case proceeded through the abuse and neglect proceedings. For instance, at the adjudicatory hearing, petitioner testified that she was able to care for her children while abusing opiates. At the dispositional hearing, a DHHR worker testified that petitioner failed to participate in drug screens after the adjudicatory hearing in December of 2012.

Petitioner also argues that the circuit court erred in terminating her parental rights rather than dismissing the case. Petitioner asserts that because her children are placed with their fathers, she could have petitioned for further parenting time had her rights not been terminated. Petitioner argues that a less restrictive alternative under West Virginia Code § 49-6-5(a)(5)(iii) or (iv) was available with their relative placements. Upon our review, we find no error with the circuit court's decision to terminate petitioner's parental rights. "'Although parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S.,* 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M.*, 231 W.Va. 44, 743 S.E.2d 352 (2013). Our review of the record reflects that petitioner made no progress throughout this case. Petitioner was offered services but failed to substantially comply. The record and the circuit court's findings support its conclusions that there was no reasonable likelihood to believe that conditions of abuse and neglect could be substantially corrected in the near future, and that termination was necessary for the children's welfare. Pursuant to West Virginia Code § 49-6-5(a)(6), circuit courts are directed to terminate parental rights upon such findings.

For the foregoing reasons, we affirm.

Affirmed.

**ISSUED:** November 26, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II